IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.  Criminal No. 3:20cr53

HARRY GEORGE PRASSENOS, II

MEMORANDUM OPINION

This matter is before the Court because, in pronouncing the sentence from the bench on January 21, 2021, the Court inadvertently omitted a part of the sentence that it intended to impose, and later that day advised counsel to appear on the following day for the imposition of the correct sentence. The next day, January 22, 2021, the Court stated that the intended sentence would be imposed.[1] Counsel for the defendant made an oral objection thereto on the ground that, under Fed. R. Cr. P. 35(a), the Court did not have authority to do what was proposed.

The Court ordered briefing on the objection and has considered DEFENDANT'S BRIEF IN OPPOSITION TO MODIFICATION OF ORAL PRONOUNCEMENT OF SENTENCE (ECF No. 67), THE GOVERNMENT'S POSITION ON THE COURT'S AUTHORITY TO MODIFY ORAL PRONOUNCEMENT OF SENTENCE

---

[1] There were no objections to the Presentence Report but the defendant did file a motion for a variance (a non-guideline sentence).

(ECF No. 68), and the DEFENDANT'S REPLY TO GOVERNMENT'S POSITION ON THE COURT'S AUTHORITY TO MODIFY ORAL PRONOUNCEMENT OF SENTENCE (ECF No. 69).[2] For the reasons set forth below, the defendant's objection was overruled and the full sentence was announced on January 28, 2021. The Judgment In A Criminal Case will be issued forthwith.

## BACKGROUND

Harry George Prassenos, II ("Prassenos") was convicted on a plea of guilty of one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The statutory penalty for that crime was a maximum of ten years imprisonment, a fine of $250,000.00, at least five years and up to a lifetime of supervised release, full restitution, and a $100.00 special assessment (with possible enhanced special assessment pursuant to 18 U.S.C. §§ 3014 and 2259A). As outlined in the presentence report, the defendant's Total Offense Level is 27, his Criminal History Category is I, the custody guideline provision is 70 to 87 months imprisonment, and the supervised release guideline is five years to life.

In the DEFENDANT'S MOTION FOR A NON-GUIDELINE SENTENCE (ECF No. 53), the defendant asked for a below-guideline sentence "of 18 months [confinement] followed [by] 5 years [of] supervised

---

[2] Oral argument was set for January 28, 2021 at 10:00 AM. Both counsel chose to submit the objection on the basis of the briefs.

2

release." (ECF No. 53, p. 1). The defendant also asked that the requested 18 months of confinement be fashioned to require a 13-month term of confinement in prison with five additional months to be served on home confinement as a special condition of supervised release. (DEFENDANT'S POSITION REGARDING SENTENCING FACTORS, ECF No. 54). The United States responded to the defendant's request for a variance by opposing it. (RESPONSE TO DEFENDANT'S MOTION FOR VARIANCE SENTENCE, ECF No. 55).

The defendant's argument for variance was based on the facts that: (1) his conduct was limited in duration to a period of approximately 45 days in an otherwise exemplary life and involved a relatively small number of images; (2) he voluntarily abandoned the illegal conduct four months before his arrest without any knowledge that an investigation of his conduct was underway; (3) he had no criminal convictions; (4) he has been adjudged by an expert to present a very low risk of engaging in reoffending at all or of engaging in any contact offense; and (5) he had distinguished service in the United States Marine Corps for thirteen years. Thus, said the defendant, under the circumstances of the case and considering him as an individual, the guideline range (70 to 87 months) significantly overstated the offense conduct of the case and the likelihood that he would reoffend.

After reviewing the presentence report, the record, the positions of the defendant and the United States on sentencing, and the defendant's motion for variance and the response thereto, the Court announced at the beginning of sentencing that this case presented an unusual set of circumstances never before encountered by the Court in sex offender cases and that the Court was inclined that:

> [A]n appropriate sentence would be a small amount of confinement, if any, and home confinement for -- supervised release for five years and home confinement for two years as well and that that combination of things might provide an adequate sentence that is sufficient but not greater than necessary.

(Jan. 21, 2021 Transcript, ECF No. 66, pp. 45-46). The Court explained to counsel that it was stating its intent respecting sentencing "so that you can address that, because there are societal interests that are involved that the government has and that the society at large has as well." (ECF No. 66, p. 46). The Court then said, "That's kind of what my thinking is right now." (Id.)

Thereafter, in her argument for a variant sentence, counsel for the defendant addressed the two years of home confinement that the Court had mentioned when presaging the appropriate sentence. In particular, the record reflects the following exchange between defense counsel and the Court:

4

> MS. ROBERTS: Yes, Your Honor. Your Honor, as to the two years home confinement, my only request for the Court would be to consider during that time allowing Mr. Prassenos to obtain and maintain some employment.
>
> THE COURT: That's a part of the conditions of supervised release. He has to do that. And he's got children he's got to provide support for and other things, but, sure. That's just sort of what goes with the territory of a sentence of supervision.
>
> MS. ROBERTS: Yes, Your Honor. I just wanted to be clear that the Court wasn't doing house arrest with no conditions to leave outside of treatment. With that said, the only other thing that I will ask the Court to consider is allowing Mr. Prassenos to have supervised visitation with his children. His parental rights have not been terminated.

(ECF No. 66, p. 50).

For its part, the Government recognized that this was an unusual case, as evidenced in part by the substantial number of character letters and background reports submitted on behalf of the defendant and his otherwise clear record. (ECF No. 66, pp. 54-55). The Government did not address the Court's expressed view of imposing a period of two years of home confinement following the time already served.

After reviewing the papers and hearing the argument, and in finding that a variance from the guideline sentence was appropriate, the Court found that the application of U.S. Sentencing Guidelines §§ 2G2.2(b)(6) and 2G2.2(b)(7) respecting

5

the use of a computer in committing the offense and the number of images that were involved resulted in a guideline range that was greater than necessary to accomplish the objectives of the sentencing statute. Having done so, the Court concluded that, in perspective of the record as a whole, the resulting guideline calculation of a Total Offense Level of 23, Criminal History Category I with a guideline range of 46 to 57 months was still greater than necessary to accomplish the objectives of the sentencing statute.

Following allocution by the defendant, and in consideration of the record and the arguments of counsel, the Court announced the sentence from the bench of time served as of January 21, 2021, and a period of supervised release of five years with a number of standard and special conditions. The terms of the sentence as announced are appended as Attachment A.[3] However, the Court did not announce all that it had intended to announce. In particular, the Court inadvertently failed to impose, as a special condition of supervised release, the two-year period of home confinement that had been mentioned at the outset of the sentencing hearing as the contemplated sentence and that had been discussed by defendant's counsel. A few hours thereafter, when the sentencing

---

[3] Attachment A is an excerpt from the transcript of January 21, 2021 (ECF No. 66).

6

document was being prepared so that the defendant could be released that afternoon, it was brought to the Court's attention that the intended two-year term of home confinement had not been announced from the bench. Therefore, the Court instructed the parties to return to Court the next day at 1:00 p.m. and later explained to them that the purpose was to impose the special condition of supervised release of two years of home confinement as had been stated to be the intent of the Court from the outset of the sentencing hearing.

On January 22, 2021, when the defendant appeared with counsel, counsel objected to the Court's intention to impose the condition of two years home confinement on the basis that the Court lacked authority to do that. The Court then directed that a transcript be prepared; that a briefing schedule be set; and oral argument be heard.

## DISCUSSION

Under Fed. R. Crim. P. 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." It is clear under Fed. R. Crim. P. 35(c) that sentencing means the oral announcement of the sentence. United States v. Layman, 116 F.3d 105, 110 (4th Cir. 1997).

7

The scope of clear error that can be corrected under Rule 35(a) is "extremely narrow." United States v. Fields, 552 F.3d 401, 404 (4th Cir. 2009). The purpose of the stricture is "to promote openness and finality in sentencing." Id. at 404-05. And, in Fields, the Fourth Circuit observed that there is general agreement that "clear error" within the meaning of Rule 35(a) "requires some reversible error at the initial sentencing." Id. But, citing its earlier decision in United States v. Cook, 890 F.2d 672, 675 (4th Cir. 1989), the Fourth Circuit held also that "a district court may only correct an 'acknowledged and obvious mistake'" and, as the court in Fields explained, "[h]ad the district court expressly stated at the first resentencing hearing that it intended to impose the fine and then failed to do so, this would be another case, similar to" Cook. Id. at 405. In Cook, the court held, "under these unusual circumstances the district court had the power to sua sponte correct the sentence resulting from its acknowledged error in interpreting the sentencing guidelines." Thus, in Fields, the Fourth Circuit noted that the circumstances in Cook were not the only circumstances when a sentence could be corrected. What is clear from those cases, as well as the decision in United States v. Bentil, 677 F. App'x 877 (4th Cir. Feb. 7, 2017), is that correction is also appropriate if the Court has made clear on the record that it intends to impose

8

a part of the sentence that it did not actually announce on the record.

That is precisely what occurred here. From the beginning of the sentencing hearing, the Court made clear that its intention was to grant the request for leniency requested in the motion for variance by imposing a lesser period of confinement in prison than was called for by the guidelines but to accomplish the ends of the guidelines by augmenting the confinement already served in prison with a term of two years home confinement with electronic monitoring. The record shows that the defendant's counsel was fully aware of the Court's intent and, indeed, she was not at all concerned about such a sentence so long as the defendant would be allowed to obtain and maintain some employment and see his children. (ECF No. 66, p. 50).

On the state of this record, it would be disingenuous of counsel for the defendant to suggest that the Court had not made clear on the record its intent to impose a two-year period of home confinement. And, indeed, the defendant does not seem to be making precisely that argument. Instead, the argument seems to be that, notwithstanding what the Court had clearly communicated and counsel had accepted, the Court did not impose the two-year period

of home confinement because of the defendant's allocution.[4] The problem with that argument is that Mr. Prassenos' address, albeit sincere, thoughtful and tearful, did not mention home confinement or any fact that would bear at all on a term of home confinement.

Also, at one point in making her oral objection, counsel implied that the strength of counsel's argument could have accounted for the failure to impose the two-year term of home confinement. That position ignores the fact that, on January 21, counsel made no argument in opposition to a two-year term of home confinement. Instead, she stated:

> As to the two years home confinement, my only request for the Court would be to consider during that time allowing Mr. Prassenos to obtain and maintain employment.

(ECF No. 66, p. 50). She also later asked that Mr. Prassenos be allowed supervised visitation with his children. In other words, counsel fully understood that the contemplated sentence would include a two-year term of home confinement and expressed agreement with it (while asking for some conditions).

Moreover, it likely would have been reversible error for the sentence to have been bereft of a confinement provision to help

---

[4] "That home confinement was not included in the pronouncement of sentence as a substitute for a term of imprisonment was not an error that was 'obvious;' especially in light of Mr. Prassenos' sincere, thoughtful, and tearful address to the Court just prior to the sentence." (ECF No. 67, p. 6).

accomplish the protection of the public, to deter the defendant, and to promote respect for the law. That is because a sentence without a lengthy term of home confinement to augment the 316-day confinement already served could not reasonably be thought to accomplish any of those objectives. Indeed, a sentence without lengthy home confinement to augment the prison time already served would run counter to each of those objectives. Such a sentence could hardly be thought to meet the sufficiency component of the statutory command that a sentence be "sufficient, but not greater than necessary to comply with" the sentencing objectives. 18 U.S.C. §§ 3553(a), (a)(2).

Prassenos relies on Bentil as the Fourth Circuit case most closely on point. But, as the Fourth Circuit held in Bentil:

> [T]he intent of the district court to impose a 10-month [rather than 10-day] consecutive sentence is not sufficiently clear from the revocation hearing and as such, the district court's imposition of a 10-day sentence at the revocation hearing was not the type of obvious error that we have suggested is correctable under Rule 35(a).

677 F. App'x at 879 (citing Fields, 552 F.3d at 405). That simply was not the case here.

The defendant cites as well a number of out-of-circuit cases that reach beyond where the Fourth Circuit has been willing to

11

go.[5] Also, the defendant cites the decision in United States v. Macias-Maldonado, No. 3:16cr100, 2017 U.S. Dist. LEXIS 141037 (E.D. Va. Aug. 31, 2017), but that case does not apply here because it involved a correction beyond the 14-day limit of Rule 35(a).

The statute and the guidelines call for heavy periods of confinement for the offense to which Prassenos pled guilty. As previously explained, confinement can be served either in prison or at home or in both sites. Here the Court advised the parties that it was inclined to have Prassenos serve the appropriate and necessary confinement by combining time in prison (already served) with confinement at home (two years) as a special condition of supervised release. The announced sentence inadvertently did not contain the home confinement provision that, from the outset of the sentencing hearing, the Court advised that it was inclined to impose. Fraley, Fields, and Cook do not foreclose the correction under the circumstances of this case.

Finally, it is necessary to keep in mind that application of Rule 35(a) is to promote transparency and fairness in sentencing. It would be difficult to envision a more transparent sentencing

---

[5] United States v. Sevilla-Oyola, 770 F.3d 1 (1st Cir. 2014); United States v. Hendrix, 630 F. App'x 816 (10th Cir. 2015); United States v. Houston, 529 F.3d 743 (6th Cir. 2008); United States v. Lett, 483 F.3d 782 (11th Cir. 2007); United States v. Munoz-Dela Rosa, 495 F.2d 253 (9th Cir. 1974).

12

than occurred here. And, there is no contention that the sentence was unfair. Thus, the purposes that underscore the narrow interpretation of Rule 35(a) would not be served by applying the narrow stricture urged by the defendant.

## CONCLUSION

For the foregoing reasons, the defendant's objection to the Court's authority to correct the clear error made in announcing the sentence was overruled.

It is so ORDERED.

                                                /s/
                                      Robert E. Payne
                                      Senior United States District Judge

Richmond, Virginia
Date: January 29, 2021